## Christman Estate

*James F. Marx,* for appellant.

*Frederick J. Bertolet,* for Commonwealth.

MARX, P. J., July 28, 1950.—Tillie C. Christman, being seized in fee of certain real estate, generally described as premises No. 269 Greenwich Street, in the Borough of Kutztown, Berks County, conveyed title in fee simple to said premises by her deed of October 11, 1949, duly recorded in the office of the Recorder of Deeds for Berks County, in Deed Book, vol. 1048, page 432, to her daughter, Clara M. Yenser, and David K. Yenser, her husband. The consideration of the conveyance was stated as $1.

Tillie C. Christman, grantor, died on October 20, 1949, nine days after the date of the conveyance.

On February 1, 1950, the Register of Wills of Berks County assessed the transfer, placed a valuation of $4,000 thereon, and fixed the tax rate at 10 percent.

Grantees thereupon, on March 23, 1950, appealed from the action of the register of wills, setting forth in their appeal that: (1) The transfer of title was not made in contemplation of death, and (2) if the transfer was found to be subject to tax, the rate should have been determined at two percent and not at 10 percent. Appellants filed their bond on appeal, with surety, and the same was approved on March 27, 1950. The record was thereupon certified, and the matter came before our court for further hearing and determination. At the hearing appellants abandoned their objection made that the transfer was not made in contemplation of death. The question remaining for our determination is whether the transfer is subject to tax at the rate of two percent or at 10 percent.

The Act of June 20, 1919, P. L. 521, sec. 2, as amended, 72 PS §2302, provides:

"All taxes imposed by this act shall be imposed upon the clear value of the property subject to the tax and shall be at the rate of two per centum upon the clear value of the property, subject to such tax passing to or for the use of father, mother, husband, wife, children, lineal descendants born in lawful wedlock, legally adopted children, children of a former husband or wife, or the wife or widow of the son, of a person dying seized or possessed thereof, and also on the clear value of such property passing from the mother of an illegitimate child, or from any person of whom the mother is a lineal descendant, to such child, his wife, or widow, and passing from an illegitimate child to his mother; and at the rate of ten per centum upon the clear value

of the property subject to such tax passing to or for the use of any other person or persons, bodies corporate or politic; . . ."

The conveyance under consideration was to grantor's daughter and the husband of the daughter. The title conveyed was in fee simple, and grantees, as husband and wife, took and held title by entireties. They took "as one person in law, they cannot take the estate by moities, but both are seised of the entirety, *per tout, et non per my:* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor": Madden et al. v. Gosztonyi Savings and Trust Company, 331 Pa. 476, 481.

The title is peculiar to the joint estate held by husband and wife. It is evident that the transfer to husband and wife, by entireties, is not classed as a transfer subject to tax at the rate of two percent. It follows that the transfer must be one of those subsequently designated in the taxing statute as a transfer to "any other person". Without specifically mentioning a tenancy by entireties, it follows that the transfer of that title must be included, by exclusion from the former class, in the latter or 10 percent class. The situation is entirely different from one in which two grantees hold successive estates, or otherwise, in common, or other joint estate. In this case title vests in both persons at the same moment. The title of each is coextensive and, upon the death of one, no new title, or additional title, vests in the survivor. At the death of one, title simply continues and remains in the other.

We conclude that the assessment at the rate of 10 percent was correct and in conformity with the intent of the recited statute. The appeal is accordingly dismissed, costs to be paid by appellants.